I36PMCFP

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

           v.                            17 CR 600 (NRB)

WILLIAM McFARLAND,

                Defendant.

------------------------------x
                                         New York, N.Y.
                                         March 6, 2018
                                         3:33 p.m.

Before:

                   HON. NAOMI REICE BUCHWALD,

                                         District Judge


                          APPEARANCES


GEOFFREY S. BERMAN,
     Interim United States Attorney for the
     Southern District of New York
KRISTY GREENBERG
     Assistant United States Attorney

RANDALL JACKSON
KAREN CHESLEY
     Attorneys for Defendant


ALSO PRESENT:  SPECIAL AGENT MELISSA BERESFORD, FBI
```

1                (In open court)
2                (Case called)
3                MS. GREENBERG:  Kristy Greenberg for the government,
4     and with me at counsel table is FBI Special Agent Melissa
5     Beresford.
6                THE COURT:  Good afternoon.
7                MR. JACKSON:  Randall Jackson and Karen Chesley on
8     behalf of the defendant, William McFarland.  Good afternoon.
9                THE COURT:  All right.  Judging from the documents in
10    front of me, Mr. McFarland intends to waive indictment and to
11    proceed by information and to enter a plea of guilty this
12    afternoon; am I correct?
13               MR. JACKSON:  That is correct.  Yes, your Honor.
14               THE COURT:  Mr. McFarland, would you stand for me,
15    please.  Would you raise your right hand.
16               (Defendant sworn)
17               Could you tell me your full name, please?
18               THE DEFENDANT:  William McFarland.
19               THE COURT:  And how old are you?
20               THE DEFENDANT:  26.
21               THE COURT:  Why don't you sit down.
22               Mr. McFarland, what is the highest grade in school
23    that you completed?
24               THE DEFENDANT:  I completed high school.
25               THE COURT:  And are you now, or have you recently

1    been, under the care of a doctor or a mental health
2    professional?
3             THE DEFENDANT:  No, your Honor.
4             THE COURT:  Have you ever been hospitalized or treated
5    for alcoholism or narcotics addiction?
6             THE DEFENDANT:  No, your Honor.
7             THE COURT:  Are you under the influence of any drug or
8    alcohol today?
9             THE DEFENDANT:  No.
10            THE COURT:  How are you feeling physically today?
11            THE DEFENDANT:  Physically fine, your Honor.
12            THE COURT:  Did you sign a waiver of indictment a few
13   moments ago?
14            THE DEFENDANT:  Yes, your Honor.
15            THE COURT:  Before you signed it, did you discuss it
16   with your attorney, and did he explain to you that you are
17   under no obligation to waive indictment?
18            THE DEFENDANT:  Yes, I did.
19            THE COURT:  Do you understand that if you did not
20   waive indictment and the government wanted to prosecute you on
21   these particular charges, that they would have to present these
22   particular charges to a grand jury, which might or might not
23   indict you?
24            THE DEFENDANT:  Yes, your Honor.
25            THE COURT:  Do you realize that by signing this waiver

I36PMCFP

1    of indictment, you are giving up your right to have these
2    particular charges presented to a grand jury?
3               THE DEFENDANT:  Yes, your Honor.
4               THE COURT:  Do you understand what a grand jury is?
5               THE DEFENDANT:  Yes, I do.
6               THE COURT:  And have you seen a copy of the
7    superseding indictment?
8               THE DEFENDANT:  Yes, your Honor.
9               THE COURT:  Well, actually, do you want me to read it
10   out loud, or do you waive its public reading?
11              THE DEFENDANT:  No.  Thank you, your Honor.  I waive
12   the public reading.
13              THE COURT:  Have you had sufficient time to discuss
14   the charges in the superseding information and your plea with
15   your attorney, Mr. Jackson?
16              THE DEFENDANT:  Yes.  I have, your Honor.
17              THE COURT:  And have you been satisfied with the
18   advice and counsel that he has given to you?
19              THE DEFENDANT:  Yes, I have.
20              THE COURT:  Are you ready to enter a plea at this
21   time?
22              THE DEFENDANT:  Yes, I am.
23              THE COURT:  What is your plea, guilty or not guilty?
24   I'm just asking you about the superseding information.
25              THE DEFENDANT:  For the purposes of the arraignment,

1  not guilty, your Honor.

2          THE COURT:  Excuse me?

3          THE DEFENDANT:  However, I intend to enter a guilty
4  plea.

5          THE COURT:  When do you intend to do that?

6          MR. JACKSON:  Your Honor, just to clarify, I know that
7  sometimes the Courts have asked us to enter a not guilty plea,
8  just for the purpose of the formality of the arraignment, and
9  then proceed to the case and plea.  If we're moving right into
10 that, I think it's my client's intention to enter his plea.  So
11 if the Court could re-ask the question?

12         THE COURT:  My question is:  What is your plea?

13         THE DEFENDANT:  I plead guilty, your Honor.

14         THE COURT:  Okay.  All right.  Mr. McFarland, in order
15 to determine whether your plea is voluntary and made with a
16 full understanding of the charges against you and the
17 consequences of your plea, I will make certain statements to
18 you, and I will ask you certain questions.  I want you to
19 understand that I need not accept your plea unless I am
20 satisfied that you fully understand your rights.

21         All right.  The superseding information contains two
22 counts.  Each of those counts charge you with committing wire
23 fraud.  Each count carries a maximum possible term of
24 imprisonment of 20 years, a maximum term of supervised release
25 of three years and a maximum fine of the greatest of $250,000

1  or twice the gross monetary gain derived from the offense or
2  twice the gross monetary loss to a person other than yourself
3  as a result of the offense, and a $100 mandatory special
4  assessment, and in addition, restitution is required.
5           Do you understand that those are the charges against
6  you, and the maximum penalties possible under the law?
7           THE DEFENDANT:  Yes, your Honor.
8           THE COURT:  Do you understand that it is part of your
9  plea agreement to admit the forfeiture allegation with respect
10 to the two counts of the information?
11          THE DEFENDANT:  Yes, your Honor.
12          THE COURT:  Do you understand that you have the right
13 to plead not guilty, and the right to a trial on the charges
14 against you and, in fact, the right to a jury trial?
15          THE DEFENDANT:  Yes.  I do, your Honor.
16          THE COURT:  Ms. Greenberg, I'd ask you, please, to
17 cite the elements of the crimes charged.
18          MS. GREENBERG:  Yes, your Honor.  Counts One and Two
19 of the superseding information charge the defendant with wire
20 fraud.  The first element is that there was a scheme or an
21 artifice to defraud or to obtain money or property by
22 materially false and fraudulent pretenses, representations or
23 promises.
24          The second element is that the defendant knowingly and
25 willfully participated in the scheme or artifice to defraud

1  with knowledge of its fraudulent nature and with specific
2  intent to defraud, or that he knowingly and intentionally aided
3  and abetted others in the scheme.
4         The third element is that in the execution of that
5  scheme, the defendant used or caused the use of an interstate
6  or international wire communication.
7         THE COURT:  Mr. McFarland, do you understand that if
8  you pled not guilty and went to trial, that the burden would be
9  on the government to prove each and every element of the crimes
10 charged beyond a reasonable doubt in order to convict you?
11        THE DEFENDANT:  Yes, your Honor.
12        THE COURT:  And do you understand that at a trial, you
13 would have the right to be represented by an attorney at all
14 stages of the proceedings and, if necessary, an attorney would
15 be appointed for you?
16        THE DEFENDANT:  Yes, your Honor.
17        THE COURT:  Do you understand that at a trial, you
18 would have the right to confront and cross-examine witnesses
19 against you and the right not to be compelled to incriminate
20 yourself?
21        THE DEFENDANT:  Yes, your Honor.
22        THE COURT:  Do you understand that at a trial, you
23 would be presumed innocent until such time, if ever, the
24 government established your guilt by competent evidence to the
25 satisfaction of the trier of fact beyond a reasonable doubt?

1        THE DEFENDANT: Yes, your Honor.
2        THE COURT: Do you understand that at a trial, you
3   would have the right to testify and would also be entitled to
4   compulsory process, in other words, the right to call other
5   witnesses on your behalf?
6        THE DEFENDANT: Yes, your Honor.
7        THE COURT: Do you understand that if your plea is
8   accepted, that there will be no further trial of any kind; so
9   that by pleading guilty, you are waiving your right to a trial?
10       THE DEFENDANT: Yes. I do, your Honor.
11       THE COURT: Do you understand that if you are
12  sentenced to a period of supervised release and if you violate
13  the terms of your supervised release, that an additional period
14  of jail time may be imposed without credit for the time that
15  you had previously spent on supervised release?
16       THE DEFENDANT: Yes, your Honor.
17       THE COURT: And do you understand that in connection
18  with your plea of guilty, that the Court may ask you certain
19  questions about the offense to which you have pled, and if you
20  answer those questions under oath and on the record and in the
21  presence of your lawyer, that your answers, if false, may later
22  be used against you in a prosecution for perjury or false
23  statement?
24       THE DEFENDANT: Yes, your Honor.
25       THE COURT: Mr. McFarland, which country are you a

1    citizen of?
2               THE DEFENDANT:  United States.
3               THE COURT:  Mr. McFarland, did you sign a plea
4    agreement earlier this afternoon?
5               THE DEFENDANT:  Yes, your Honor.
6               THE COURT:  Before you signed it, did you read it?
7               THE DEFENDANT:  Yes, your Honor.
8               THE COURT:  And before you signed it, did you discuss
9    it with Mr. Jackson?
10              THE DEFENDANT:  Yes.  We discussed it, your Honor.
11              THE COURT:  Separate and apart from the plea
12   agreement, have any threats or promises been made to you to
13   make you plead guilty?
14              THE DEFENDANT:  No, your Honor.
15              THE COURT:  Again, separate and apart from the plea
16   agreement, have any understandings or promises been made to you
17   concerning the sentence that you will receive?
18              THE DEFENDANT:  No, your Honor.
19              THE COURT:  Is your plea voluntary, in other words, of
20   your own free will?
21              THE DEFENDANT:  Yes.  It is, your Honor.
22              THE COURT:  All right.  I'm going to review some
23   portions of the plea agreement with you.  First, do you
24   understand that the plea agreement contains a stipulated
25   guidelines range and that is from 97 to 120 months in prison,

1    with a fine range of from 30,000 to $300,000?

2            THE DEFENDANT: Yes. I do, your Honor.

3            THE COURT: Do you understand that the parties have
4    agreed that neither a downward or an upward departure from the
5    stipulated guidelines range is appropriate, but that either
6    party may seek a sentence outside of the stipulated guidelines
7    range?

8            THE DEFENDANT: Yes, your Honor.

9            THE COURT: Now, do you understand that the government
10   has reserved the right to seek to deny you the adjustment for
11   acceptance of responsibility if, in the government's view, by
12   virtue of your allocution or subsequent conduct, that you have
13   not clearly demonstrated acceptance of responsibility; and that
14   the government has further reserved the right to seek an
15   enhancement for the obstruction of justice if, unknown to the
16   government, you have committed an obstruction of justice or if
17   you commit another crime after signing this agreement?

18           THE DEFENDANT: Yes, your Honor.

19           THE COURT: And do you understand that neither the
20   probation office nor the Court is bound by the guidelines
21   stipulation, and that the sentence to be imposed upon you is
22   determined solely by the Court?

23           THE DEFENDANT: Yes, your Honor.

24           THE COURT: Do you understand that you have agreed not
25   to file a direct appeal or otherwise collaterally challenge any

Case 1:17-cr-00600-NRB   Document 35   Filed 04/09/18   Page 11 of 14    11
I36PMCFP

1    sentence within or below the stipulated guidelines range?

2              THE DEFENDANT:  Yes, your Honor.

3              THE COURT:  Are you pleading guilty because you are,
4    in fact, guilty?

5              THE DEFENDANT:  Yes, your Honor.

6              THE COURT:  Do you understand that this plea agreement
7    does not bind any prosecuting office, other than the United
8    States Attorney's Office for the Southern District of New York?

9              THE DEFENDANT:  Yes.  I do, your Honor.

10             THE COURT:  And do you understand that this plea
11   agreement takes the place of any prior agreement you may have
12   had with the U.S. Attorney's Office, other than a written
13   proffer agreement, and that this plea agreement cannot be
14   modified except in a writing signed by all parties?

15             THE DEFENDANT:  Yes, your Honor.

16             THE COURT:  Mr. McFarland, did you commit the offenses
17   that you've been charged with?

18             THE DEFENDANT:  Yes, your Honor.

19             THE COURT:  All right.  Would you tell me, please,
20   what you did?

21             THE DEFENDANT:  Yes.  Today, your Honor, I would like
22   to accept full responsibility for several serious mistakes that
23   I made in my role as the head of Fyre Media and the head of
24   Fyre Festival.  In May of 2016, I launched a digital
25   application that allowed concert promoters and private

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

individuals to directly access music artists, to book them for concerts.

I had a goal of using technology to add value to both the artists and the buyers. However, during the course of building this application, I engaged in fraudulent behavior from on or about 2016 through, on or about, May of 2017.

In an attempt to promote the digital application, I conceived and launched the idea for a music festival, the Fyre Festival. While my intention for the Fyre Festival was legitimate, I grossly underestimated the resources that it would take to execute an event of the magnitude that I had come up with.

So in an attempt to raise the funds that I deemed necessary to execute the event, I lied to investors about various aspects of Fyre Media and my personal finances. These lies included false documents and information that I am aware were transmitted across interstate lines.

I deeply regret my actions, and I want to apologize to my team, to my investors, my partners, my supporters, and to my family, who I greatly let down. Thank you, your Honor.

Your Honor, would you like me to read a separate statement for Count Two? In addition, on or about April 2017, I engaged in a fraudulent scheme in connection with a ticket vendor. Specifically I provided false information to the vendor about Fyre Media's financial condition before entering

I36PMCFP

1    into a guarantee agreement that induced the vendor to pay
2    $2 million for a block of advance tickets in order to help fund
3    the Fyre Festival.
4              I am aware this scheme also involved the use of
5    interstate communications, and I deeply apologize to everybody
6    that was affected by these decisions.  Thank you, your Honor.
7              THE COURT:  Ms. Greenberg, is there anything else you
8    would like me to ask Mr. McFarland?
9              MS. GREENBERG:  No, your Honor.  Though, I would make
10   a proffer regarding venue.  In connection with both counts,
11   Mr. McFarland's bank accounts, which were used in connection
12   with this scheme to receive the investor funds, were located in
13   Manhattan.
14             THE COURT:  Mr. McFarland, do you still wish to plead
15   guilty?
16             THE DEFENDANT:  Yes.  I do, your Honor.
17             THE COURT:  Mr. Jackson, do you know of any reason why
18   Mr. McFarland ought not to plead guilty?
19             MR. JACKSON:  No, your Honor.
20             THE COURT:  All right.  Mr. McFarland, I am satisfied
21   that you understand the nature of the charge against you and
22   the consequences of your plea, and that your plea is made
23   voluntarily, knowingly, and that there is a factual basis for
24   it.  Accordingly, I will accept your plea of guilty and direct
25   that a presentence report be prepared.  Is there anything

1 special I need to know about the sentencing date?

2     MS. GREENBERG:  No, your Honor.

3     MR. JACKSON:  No, your Honor.

4     THE COURT:  Then I would suggest Thursday, June 21st,

5 at 3:00, and the defense submission will be due June 6th, the

6 government's June 13th.  Are those dates okay with everyone?

7     MS. GREENBERG:  Yes, your Honor.

8     MR. JACKSON:  Yes, your Honor.

9     THE COURT:  All right.  Is there anything further at

10 this time?

11     MR. JACKSON:  Nothing further from us.  Thank you,

12 your Honor.

13     MS. GREENBERG:  No, your Honor.

14     THE COURT:  Oh, wait a minute.  I think there's a

15 forfeiture order here someplace?  All right.  I've signed the

16 preliminary order of forfeit.  Anything else?

17     MR. JACKSON:  Not from defense.

18     MS. GREENBERG:  Thank you.

19     THE COURT:  Ms. Greenberg, I'll give you back the

20 original plea agreement.

21     (Adjourned)

22

23

24

25