

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 18, 2018

**BY ECF**

The Honorable Naomi Reice Buchwald
United States District Judge
United States District Courthouse
500 Pearl Street, Room 2270
New York, New York 10007

    Re:    *United States* v. *William McFarland*,
                  **S1 17 Cr. 600 (NRB)**

Dear Judge Buchwald:

      The Government respectfully writes in advance of the bail revocation hearing scheduled in the above-captioned matter for today at 2:30 p.m. For the reasons set forth below, in light of the defendant's conviction on two counts of wire fraud in the above-captioned case, and the unprecedented risk of flight that he presents now that he has been charged with committing new criminal conduct while on pretrial release, the Court should revoke the defendant's bail. It is the defendant's burden to demonstrate, by clear and convincing evidence, that he warrants bail pending sentencing. He cannot satisfy that burden.

      Applicable Law

      The law provides that a court "shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained," unless the court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community." 18 U.S.C. § 3143(a)(1). In short, following conviction, there is "a presumption in favor of detention." *United States* v. *Abuhamra*, 389 F.3d 309, 320 (2d Cir. 2004). It is the defendant's burden "to defeat that presumption," and he must do so "by clear and convincing evidence, not by a mere preponderance." *Id.* Only if he does so "is he entitled to release pending sentencing." *Id.*; *see also* Fed. R. Crim. Pro. 46 (c) (following conviction, "[t]he burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant").

Honorable Naomi Reice Buchwald
United States District Judge
June 18, 2018
Page 2

Discussion

The defendant has been convicted of two counts of wire fraud before this Court, and was recently charged with new wire fraud and money laundering charges while on pretrial release. Accordingly, it is no longer the Government's burden to demonstrate that the defendant should be detained, but the defendant's burden to demonstrate, by *clear and convincing evidence*, why he should not be detained. At a lengthy bail hearing on June 12, 2018 before Magistrate Judge Gorenstein, the defense counsel offered several reasons why the defendant should not be detained. None of these reasons comes close to meeting the defendant's heavy burden.

*First*, defense counsel argued that the defendant has complied with the terms of his pretrial release for nearly a year. He has not. The defendant has been committing crimes for the majority of his time on pretrial release. From in or about the fall of 2017, up to and including May 2018, the defendant conducted a sham ticket scheme in which he purported to sell fraudulent tickets to exclusive fashion, music, and sporting events through NYC VIP Access, a company controlled by the defendant, and also caused the fraud proceeds to be sent to others' financial accounts in an effort to conceal his ownership and control of the funds. See United States v. William McFarland, 18 Mag. 5026. In addition, in or about March 2018, the defendant forged the name and signature of the individual referred to as Employee-1 in the criminal complaint on a $25,000 check with Employee-1's true bank account number. The check was made out to the defendant's personal driver (the "Driver"). The defendant met with the Driver in Manhattan to provide him with the forged check, which the Driver attempted to deposit and the bank rejected due to Employee-1's bank account being closed. In connection with this conduct, the defendant faces additional bank fraud and aggravated identity theft charges. The defendant presents a serious danger to the community by continuing to commit crimes while on pretrial release.

The defendant also presents a danger to the administration of justice. As an initial matter, the defendant showed blatant disregard for the Probation Office and this Court by lying to the Probation Office about his current employment to omit any mention of NYC VIP Access. Furthermore, the defendant tampered with three witnesses in connection with the Government's investigation of his new criminal conduct while on pretrial release. Upon learning recently that the Government was investigating him, the defendant told three witnesses with knowledge of the defendant's criminal conduct not to speak to FBI agents if approached about the defendant, to tell FBI agents that they had counsel (when they did not), and to report any such incidents to the defendant. The defendant also deleted a series of encrypted messages between himself and the Driver pertaining to the defendant's criminal conduct from the Driver's phone.[1] The defendant's clear intent to prevent witnesses' communications with law enforcement agents relating to the commission of his crimes while on pretrial release demonstrates not only his blatant lack of compliance with the conditions of his bail, but also that there are no conditions or combination of conditions that can be set to prevent the defendant from contacting and tampering with witnesses and evidence.

---

[1] Unbeknownst to the defendant, the Driver had preserved those messages on another phone.

Honorable Naomi Reice Buchwald
United States District Judge
June 18, 2018
Page 3

*Second,* defense counsel argued that the defendant had not yet fled, despite having learned recently that the Government was investigating his conduct. That is irrelevant. The defendant's incentive to flee has considerably increased in light of the new criminal charges. That he has not previously fled says nothing about whether he will seek to do so now that he knows the magnitude of the charges, the strength of the Government's evidence, and the significant punishment he now faces. The defendant faces a significant term of imprisonment with respect to the defendant's new criminal conduct. The defendant's Guidelines range likely would be 87-108 months' imprisonment, or 63-78 months' imprisonment with acceptance of responsibility, plus a mandatory two-year consecutive term for aggravated identity theft, as well as some consecutive term of imprisonment for committing crimes while on pretrial release in violation of Title 18, United States Code, Section 3147.[2] Faced with such a substantial additional term of imprisonment, the defendant's risk of flight is significant.

*Third,* defense counsel pointed to the defendant's status as a U.S. citizen with no foreign ties and significant ties to the community in support of his argument that the defendant would not flee. However, the defendant's own statements are evidence to the contrary. The defendant discussed the possibility of fleeing with several witnesses, noting the circumstances in which he would flee (if he believed he would get more than three years in prison), and that he had the means to do so. Although the witnesses' interpretations of the seriousness of the defendant's intent to flee vary, they each confirm that they had conversations about the defendant's flight with the defendant. These witnesses also noted the defendant's access to pilots, and the fact that he carried lots of cash on his person. Moreover, per the PSR, defendant reported to the Probation Officer that he had $50,000 in cash, and received $40,000 per month from his freelance work. In addition, the defendant has lived a lavish lifestyle staying at luxury hotels and dining at expensive restaurants while on pretrial release. The evidence of the defendant's statements regarding flight and means to do so underscore his risk of flight.

\* \* \*

---

[2] For the defendant's new criminal conduct, pursuant to Guidelines section 2B1.1(a)(1), the defendant's base offense level is 7. A ten-level enhancement applies, pursuant to Guidelines section 2B1.1(b)(1)(F), for a loss amount exceeding $150,000, but less than $250,000. A two-level enhancement applies, pursuant to Guidelines section 2B1.1(b)(2)(A)(i), due to the crimes involving more than 10 victims. A four-level enhancement applies, pursuant to Guidelines section 2S1.1(b)(2)(C), for engaging in the business of laundering funds. A two-level obstruction enhancement applies, pursuant to Guidelines section 3C1.1, for the defendant's witness tampering, and a three-level enhancement applies, pursuant to Guidelines section 3C1.3, for the defendant having committed the criminal conduct while on pretrial release. The defendant's offense level is 28, and with acceptance of responsibility would be 25. If the defendant were to be sentenced to more than a year and a month in the case before this Court, he would be in Criminal History Category II.

Honorable Naomi Reice Buchwald
United States District Judge
June 18, 2018
Page 4

      The defendant presents an extreme risk of flight, as well as a financial danger to the community, and danger to the administration of justice.  At the same time, the defendant now has the burden to demonstrate by clear and convincing evidence that, notwithstanding his conviction on two counts of wire fraud, he should remain on bail pending sentencing.  He cannot meet that burden, and must be detained.

                                  Respectfully submitted,

                                  GEOFFREY S. BERMAN
                                  United States Attorney

                    By:    s/ Kristy J. Greenberg
                           Kristy J. Greenberg
                           Assistant United States Attorney
                           (212) 637-2469

cc:    (by ECF)

       All Counsel of Record