```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   UNITED STATES OF AMERICA,

 4              v.                            17 Cr. 600 (NRB)

 5   WILLIAM McFARLAND,
                                              Plea
 6                   Defendant.

 7   ------------------------------x

 8                                            New York, N.Y.
                                              July 26, 2018
 9                                            11:05 a.m.

10

11   Before:

12
                      HON. NAOMI REICE BUCHWALD,
13
                                              District Judge
14
                                APPEARANCES
15
     GEOFFREY S. BERMAN
16        United States Attorney for the
          Southern District of New York
17   BY:  KRISTY GREENBERG
          Assistant United States Attorney
18
     VLADECK RASKIN & CLARK
19        Attorneys for Defendant
     BY:  SUSAN J. WALSH
20        -and-
     BOIES SCHILLER FLEXNER LLP
21   BY:  RANDALL JACKSON

22
     Also Present:  Brandon Racz, FBI
23

24

25
                   SOUTHERN DISTRICT REPORTERS, P.C.
                           (212) 805-0300
```

1                (Case called)

2                MS. GREENBERG:  Kristy Greenberg for the government.
3  With me at counsel table is FBI Special Agent Brandon Racz.
4  Good morning, your Honor.

5                THE COURT:  Good morning.

6                MS. WALSH:  Good morning, your Honor, I'm Susan Walsh.
7  I was assigned pursuant to the Criminal Justice Act in the
8  matter before Judge Furman.  I filed a notice of appearance for
9  the purposes of today's proceedings and going forward.  Present
10 with me also is Randall Jackson from Boies Schiller and, of
11 course, William McFarland.

12               THE COURT:  Good morning.

13               Judging from the documents before me, Mr. McFarland is
14 going to waive indictment on the S2 charges and enter a plea of
15 guilty.  Is that correct?

16               MS. GREENBERG:  That's my understanding, your Honor,
17 yes.

18               MS. WALSH:  Yes, your Honor, that is correct.

19               THE COURT:  Mr. McFarland, may I ask you to stand for
20 a moment, please.

21               (Defendant sworn)

22               THE COURT:  Would you state your full name for me,
23 please.

24               THE DEFENDANT:  William McFarland.

25               THE COURT:  Mr. McFarland, how old are you, please.

1           THE DEFENDANT:  Twenty-six.

2           THE COURT:  What is the highest level in school that
3    you completed?

4           THE DEFENDANT:  High school.

5           THE COURT:  And are you now or have you recently been
6    under the care of a doctor or mental health professional?

7           THE DEFENDANT:  No, I haven't, your Honor.

8           THE COURT:  Why don't you sit down.

9           Have you ever been hospitalized or treated for
10   alcoholism or narcotics addiction?

11          THE DEFENDANT:  No, I have not, your Honor.

12          THE COURT:  Are you under the influence of any drug or
13   alcohol today?

14          THE DEFENDANT:  No, I'm not.

15          THE COURT:  How are you feeling physically today?

16          THE DEFENDANT:  Physically I'm fine.

17          THE COURT:  Have you signed a waiver of indictment?

18          THE DEFENDANT:  Yes, I have.

19          THE COURT:  And before you signed the waiver of
20   indictment, did you discuss it with your counsel?

21          THE DEFENDANT:  Yes, I discussed it, your Honor.

22          THE COURT:  And did she explain to you that you are
23   under no obligation to waive indictment?

24          THE DEFENDANT:  Yes, she did, your Honor.

25          THE COURT:  Do you understand that if you did not

1  waive indictment and the government wanted to prosecute you
2  that they would have to present your case to a grand jury,
3  which might or might not indict you on these particular
4  charges?
5          THE DEFENDANT:  Yes, your Honor.
6          THE COURT:  And do you realize that by signing this
7  waiver of indictment that you have given up your right to have
8  these charges presented to a grand jury?
9          THE DEFENDANT:  Yes, your Honor.
10         THE COURT:  And have you seen a copy of the
11 information, the S2 information?
12         THE DEFENDANT:  Yes.  I read the information.
13         THE COURT:  And would you like me to read it out loud
14 or do you waive its public reading?
15         THE DEFENDANT:  I'd like to waive the reading, your
16 Honor.
17         THE COURT:  Have you had sufficient time to discuss
18 the charges in the information and your plea with your counsel?
19         THE DEFENDANT:  Yes, your Honor.
20         THE COURT:  And have you been satisfied with the
21 advice and counsel that you have received from Ms. Walsh?
22         THE DEFENDANT:  Yes, I'm satisfied with counsel.
23         THE COURT:  And are you ready to enter a plea at this
24 time?
25         THE DEFENDANT:  Yes, your Honor.

1    THE COURT:  What is your plea, guilty or not guilty?

2    THE DEFENDANT:  I plead guilty, your Honor.

3    THE COURT:  Mr. McFarland, in order to determine
4  whether your plea is voluntary and made with a full
5  understanding of the charges against you and the consequences
6  of your plea, I will make certain statements to you and I am
7  going to ask you certain questions.  I want you to understand
8  that I need not accept your plea unless I am satisfied that you
9  are in fact guilty and that you fully understand your rights.

10   As you know, you previously pled guilty before me to
11  Counts One and Two of the S1 superseding information.  It is a
12  part of your plea agreement with the government that you agree
13  not to withdraw your previously entered plea to those two
14  counts and affirm your guilty plea once again to the Counts One
15  and Two of the S1 information.  Are you prepared to do so?

16   THE DEFENDANT:  Yes, your Honor.

17   THE COURT:  And do you do so?

18   THE DEFENDANT:  Yes, I do.

19   THE COURT:  Count One of the S2 information charges
20  you with committing wire fraud while you were on pretrial
21  release from in or about late 2017 up to and including at least
22  in or about March 2018.  This crime carries a maximum possible
23  term of imprisonment of 30 years, a maximum term of supervised
24  release of three years, a maximum fine of the greatest of
25  $250,000 or twice the gross pecuniary gain derived from the

1   offense or twice the gross pecuniary loss to persons other than
2   yourself as a result of the offense, and a $100 mandatory
3   special assessment.
4         Do you understand that that is the charge in Count One
5   of the S2 information and the maximum penalties applicable to
6   that charge?
7         THE DEFENDANT:  Yes, your Honor.
8         THE COURT:  Count Two of the S2 information charges
9   you with committing bank fraud while on pretrial release in or
10  about March 2018, and this crime carries a maximum term of
11  imprisonment of 40 years, a maximum term of supervised release
12  of five years, a maximum fine of the greatest of $1 million or
13  twice the gross monetary gain derived from the offense or twice
14  the gross monetary loss to a person other than yourself as a
15  result of the offense, and a $100 mandatory special assessment.
16        Do you understand that is the charge in Count Two and
17  the maximum possible penalties applicable to that charge?
18        THE DEFENDANT:  Yes, I do.
19        THE COURT:  And Count Three charges you with making
20  materially false statements to a federal law enforcement agent
21  on or about June 20, 2018, and this crime carries a maximum
22  possible imprisonment of five years, a maximum term of three
23  years of supervised release, a maximum fine of the greatest of
24  $250,000 or twice the gross pecuniary gain derived from the
25  offense or twice the gross pecuniary loss to a person other

than yourself as a result of the offense, and a mandatory $100 special assessment.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Do you understand that in consideration for your plea to the five offenses between the two informations that the government has agreed not to prosecute you further for a list of crimes that starts on the bottom of page 2 of your plea agreement that continues through the continuation paragraph on page 3?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Do you further understand that under the plea agreement that the conduct described in (b)(i) in the paragraph that we were just talking about is to be considered relevant conduct that may be considered at the time of sentencing?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  And do you understand that it is part of your plea agreement to admit the forfeiture allegations with respect to Counts One and Two of the S1 information and Count One of the S2 information and to forfeit a sum of money equal to $26,440,099.48?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  I probably read that wrong.  I take that back.  Sorry.  It's a big number.  It may be correct.

1         MS. WALSH:  I think you said 400,000.
2         THE COURT:  Instead of 40,000.  Sorry.  Thank you.
3         And also $151,206.80, Mr. McFarland.
4         THE DEFENDANT:  Yes, your Honor.
5         THE COURT:  That's an additional forfeiture amount.
6         Do you understand that?
7         THE DEFENDANT:  I understand, your Honor.
8         THE COURT:  Mr. McFarland, do you understand that you
9  have the right to plead not guilty and the right to a trial on
10 the charges against you and in fact the right to a jury trial?
11        THE DEFENDANT:  Yes, your Honor.
12        THE COURT:  Also, I forgot to mention it, do you
13 understand that you have also agreed to make restitution as
14 part of your plea agreement?
15        THE DEFENDANT:  Yes, I do, your Honor.
16        THE COURT:  And at this time I would ask the
17 government, please, to recite the elements of the crimes
18 charged.
19        MS. GREENBERG:  Yes, your Honor.
20        With respect to the first count of wire fraud, the
21 first element is that there was a scheme or an artifice to
22 defraud or to obtain money or property by materially false and
23 fraudulent pretenses, representations, or promises.
24        The second element is that the defendant knowingly and
25 willfully participated in the scheme or artifice to defraud

1  with knowledge of its fraudulent nature and with specific

2  intent to defraud or that he knowingly and intentionally aided

3  and abetted others in the scheme.

4  The third element is that in execution of that scheme

5  the defendant used or caused the use of an interstate or

6  international wire communication.

7  And, lastly, there is an additional element here under

8  Title 18, United States Code, Section 3147 for the defendant

9  committing an offense while on pretrial release pursuant to the

10  Bail Reform Act of 1966 and that he had notice of the effect of

11  committing an offense while on pretrial release.

12  For Count Two, bank fraud count, the first element is

13  that there was a scheme to defraud a bank or a scheme to obtain

14  money or funds owned or under the custody or control of a bank

15  by means of materially false or fraudulent pretenses,

16  representations, or promises.

17  The Second element is that the defendant executed or

18  attempted to execute the scheme with the intent to defraud the

19  bank or that he knowingly and intentionally aided and abetted

20  others in the scheme with the intent to defraud the bank.

21  The third element is that the bank was then insured by

22  the Federal Deposit Insurance Corporation and, again, there is

23  the additional element here that the defendant committed the

24  offense while on pretrial release, pursuant to the Bail Reform

25  Act of 1966, and that he had notice of the effect of committing

1  that offense while on pretrial release.

2          Count Three, the charge for making false statements.
3  The elements are: First, that the defendant made a false
4  statement; second, that the statement was material; third, that
5  the defendant acted knowingly and willfully; and, fourth, that
6  the false statement was made with respect to a matter within
7  the jurisdiction of the government of the United States.

8          THE COURT: Mr. McFarland, do you understand that if
9  you pled not guilty and went to trial that the burden would be
10 on the government to prove each and every element of the crimes
11 charged beyond a reasonable doubt in order to convict you?

12         THE DEFENDANT: Yes, I do, your Honor.

13         THE COURT: Do you understand that at a trial you
14 would have the right to be represented by an attorney at all
15 stages of the proceeding and, if necessary, an attorney would
16 be appointed for you?

17         THE DEFENDANT: Yes, your Honor.

18         THE COURT: Do you understand that at a trial you
19 would have the right to confront and cross-examine witnesses
20 against you and the right not to be compelled to incriminate
21 yourself?

22         THE DEFENDANT: Yes, I do, your Honor.

23         THE COURT: Do you understand that at a trial you
24 would be presumed innocent until such time, if ever, the
25 government established your guilt by competent evidence to the

1    satisfaction of the trier of fact beyond a reasonable doubt?

2              THE DEFENDANT:  Yes, your Honor.

3              THE COURT:  And do you understand that at a trial you

4    would have the right to testify and would also be entitled to

5    compulsory process, in other words, the right to call other

6    witnesses on your own behalf?

7              THE DEFENDANT:  Yes, your Honor.

8              THE COURT:  And do you understand that if your plea is

9    accepted that there will be no further trial of any kind so

10   that by pleading guilty you are waiving your right to a trial?

11             THE DEFENDANT:  Yes, I do, your Honor.

12             THE COURT:  And do you understand that if you are

13   sentenced to a period of supervised release and if you violate

14   the terms of your supervised release, that an additional period

15   of jail time may be imposed without credit for the time that

16   you had previously spent on supervised release?

17             THE DEFENDANT:  Yes, your Honor.

18             THE COURT:  Do you understand that in connection with

19   your plea of guilty that the Court may ask you certain

20   questions about the offenses to which you have pled.  And if

21   you answer those questions under oath and on the record and in

22   the presence of your counsel that your answers, if false, may

23   later be used against you in a prosecution for perjury or false

24   statement?

25             THE DEFENDANT:  Yes, your Honor.

1   THE COURT:  Mr. McFarland, what country are you a
2   citizen of?
3   THE DEFENDANT:  The United States of America.
4   THE COURT:  Mr. McFarland, did you sign a plea
5   agreement earlier today?
6   THE DEFENDANT:  Yes, I did, your Honor.
7   THE COURT:  And before you signed it, did you discuss
8   it with your lawyer?
9   THE DEFENDANT:  Yes.
10  THE COURT:  Before you signed it, did you read it?
11  THE DEFENDANT:  Yes.
12  THE COURT:  Separate and apart from your plea
13  agreement, have any threats or promises been made to you to
14  make you plead guilty?
15  THE DEFENDANT:  No, your Honor.
16  THE COURT:  Again, separate and apart from your plea
17  agreement, have any understandings or promises been made to you
18  concerning the sentence that you will receive?
19  THE DEFENDANT:  No, your Honor.
20  THE COURT:  Is your plea voluntary, in other words, of
21  your own free will?
22  THE DEFENDANT:  Yes, it is.
23  THE COURT:  I'd like to review some portions of the
24  plea agreement with you.  Do you understand that the plea
25  agreement contains a stipulated guidelines range and that range

1  is from 135 to 168 months?
2          Do you understand that the sentence of imprisonment
3  imposed under 18 U.S.C. 3147 must run consecutively to any
4  other sentence of imprisonment?
5          THE DEFENDANT:  Yes.
6          THE COURT:  And do you understand that the applicable
7  fine range in your case is from 35,000 to $1 million?
8          THE DEFENDANT:  Yes, your Honor.
9          THE COURT:  Do you understand that under the plea
10  agreement that the parties have agreed that neither a downward
11  nor an upward departure from the stipulated guidelines range is
12  appropriate?
13          THE DEFENDANT:  Yes, your Honor.
14          THE COURT:  Do you also understand that all parties
15  are free to seek a sentence outside of the stipulated
16  guidelines range?
17          THE DEFENDANT:  Yes, your Honor.
18          THE COURT:  And do you understand that neither the
19  probation office nor the Court is bound by the guidelines
20  stipulation and that the sentence to be imposed upon you is
21  determined solely by the Court?
22          THE DEFENDANT:  Yes, your Honor.
23          THE COURT:  And do you understand that if you receive
24  a sentence within the stipulated guidelines range that you have
25  agreed not to file an appeal or otherwise challenge

1  collaterally the sentence imposed?

2  THE DEFENDANT:  Yes, your Honor.

3  THE COURT:  Are you pleading guilty because you are in
4  fact guilty?

5  THE DEFENDANT:  Yes, your Honor.

6  THE COURT:  And do you understand that this plea
7  agreement does not bind any other prosecuting authority,
8  federal, state, or local, other than the United States
9  Attorney's Office for the Southern District of New York?

10  THE DEFENDANT:  Yes, your Honor.

11  THE COURT:  And do you understand that other than any
12  possible written proffer agreement that you may have entered
13  into that this agreement takes the place of any prior agreement
14  with the United States Attorney's Office and that no additional
15  understandings have been entered into other than those actually
16  set forth in the agreement and that none will be entered into
17  unless they are in writing and signed by all parties?

18  THE DEFENDANT:  Yes, your Honor.

19  THE COURT:  Mr. McFarland, did you commit the offenses
20  charged in just the S1 indictment that you previously pled
21  guilty to?

22  THE DEFENDANT:  Yes, your Honor.

23  THE COURT:  Just focusing now on the S2, S2
24  information, did you commit those offenses?

25  THE DEFENDANT:  Yes, I did, your Honor.

1   THE COURT: Would you tell me, please, what you did.

2   THE DEFENDANT: Yes, your Honor.

3   Between December of 2017 and March of 2018, while I
4   was on pretrial release, I sold tickets to special events when
5   I in fact did not have those tickets in hand, and the selling
6   of those tickets caused money to be wired within Manhattan.

7   On March of 2018, while I was also on pretrial
8   release, I wrote a check that I was not specifically authorized
9   to write, and I gave that check to a person knowing that they
10   would deposit it at a bank.

11   Finally, in June of 2018, when I met with federal law
12   enforcement officials to discuss these matters, I lied, denying
13   any wrongdoing.

14   I know this is wrong, and I know I broke the law.

15   THE COURT: I don't necessarily recall if I heard it,
16   but did you commit these various crimes within the Southern
17   District of New York, which includes Manhattan?

18   THE DEFENDANT: Yes. I committed the three offenses
19   in the Southern District of New York.

20   THE COURT: Ms. Greenberg, is there anything else that
21   you would like me to ask?

22   MS. GREENBERG: Yes, your Honor. With respect to the
23   wire fraud count, Count One, can you ask whether or not when he
24   was selling the tickets that he did not have in hand that he
25   did so with an intent to defraud those customers? And then

with respect --

THE COURT: Let's just stop there and ask Mr. McFarland, can you answer that question?

THE DEFENDANT: I sold the tickets with the intent to defraud, yes.

MS. GREENBERG: And then with respect to Count Three, I believe he allocuted that he denied wrongdoing, but can you ask him whether or not he affirmatively made material false statements about the ticket sales and the check?

THE COURT: Could you answer that question.

THE DEFENDANT: I made false statements about the ticket sales and the check.

MS. GREENBERG: I would just have a proffer with respect to Count One, the wire fraud count, that the wires that were made to purchase the tickets, among them were interstate wires. In particular, there was one victim customer who was from Florida who purchased tickets to the Grammy Awards and wired money into a bank account in Queens, New York.

I believe he already proffered venue as to all three counts. I would say with respect to Count One that there were victims that were receiving and sending their wire transfers from the Southern District of New York in Manhattan.

With respect to Count Two, the bank in which the check was going to be deposited was insured by the FDIC, and the check was provided by Mr. McFarland to an individual in

1   Manhattan.  That is how we would establish venue.

2              I would proffer as to Count Three that the false
3   statements made by Mr. McFarland on June 20, 2018 to an FBI
4   agent were about matters under federal criminal prosecution and
5   investigation by the Federal Bureau of Investigation.  That
6   meeting happened in Manhattan.

7              THE COURT:  Mr. McFarland, do you still wish to plead
8   guilty?

9              THE DEFENDANT:  Yes, I do, your Honor.

10             THE COURT:  Ms. Walsh, do you know of any reason why
11  Mr. McFarland should not plead guilty?

12             MS. WALSH:  I do not, your Honor.

13             THE COURT:  Mr. Jackson, do you know of any reason why
14  Mr. Walsh should not reaffirm his earlier plea of guilty to
15  Counts One and Two of the S1?

16             MR. JACKSON:  No, your Honor.

17             MS. WALSH:  I think you mean Mr. McFarland, not
18  Mr. Walsh.

19             THE COURT:  Did I --

20             MS. WALSH:  It's OK.  It happens to me all the time.

21             THE COURT:  Does it really?

22             MS. WALSH:  All the time, yeah.

23             THE COURT:  I'm really sorry.

24             Let me try it again.

25             MS. WALSH:  Thank you, Judge.

1           THE COURT:  I really apologize.
2           Mr. Jackson, do you know of any reason that
3  Mr. McFarland should not reaffirm his guilty plea to Counts One
4  and Two of the S1 information?
5           MR. JACKSON:  No, your Honor.
6           THE COURT:  Mr. McFarland, the Court is satisfied that
7  you understand the nature of the charge against you and the
8  consequences of your pleas and that your plea is made voluntary
9  and knowingly and that there is a factual basis for it.
10 Accordingly, I will accept your plea of guilty and direct that
11 a presentence report be prepared.
12          I think we need to set a sentencing date, and I think
13 counsel proposed some, and I think one of those works for us.
14          We would propose sentencing on September 17 at 3:30
15 with defense submission being due September 7 and the
16 government's on September 12.
17          Is that OK?
18          MS. WALSH:  That is OK, your Honor.
19          MS. GREENBERG:  Yes, that's fine.
20          THE COURT:  Is there anything else at this time?
21          MS. GREENBERG:  Nothing from the government.
22          MS. WALSH:  No, your Honor.  Thank you.
23          MR. JACKSON:  Thank you, your Honor.  Nothing else.
24          THE COURT:  Thank you very much.
25          Ms. Greenberg, given the plea, are you just going to

1  nolle the indictment that was originally assigned to Judge
2  Furman?
3              MS. GREENBERG:  I don't think the process would be to
4  nolle it.  I think at the time of sentencing we would just move
5  to dismiss those counts to that indictment.
6              THE COURT:  We still have to close it on his docket.
7              He and I agreed that I should handle both parts of the
8  case.  That's not an issue.  I am just thinking about the sort
9  of practical -- we will have the indictment transferred here
10 and then at sentencing you will move to dismiss those counts.
11             MS. GREENBERG:  That makes sense to me, your Honor.
12             THE COURT:  We will take care of that.
13             MS. GREENBERG:  Thank you very much.
14             MS. WALSH:  Thank you.
15             (Adjourned)
16
17
18
19
20
21
22
23
24
25