UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA                :   **GOVERNMENT'S MOTION IN SUPPORT OF ITS PROPOSED PRELIMINARY ORDER OF FORFEITURE AS TO SUBSTITUTE ASSET**
          - v. -                        :
                                        :
WILLIAM McFARLAND,                      :   S2 17 Cr. 600 (NRB)
                                        :
               Defendant.               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

The United States of America hereby moves pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure and Title 21, United States Code, Section 853(p), for the entry of a Preliminary Order of Forfeiture as to Substitute Assets to include certain property of WILLIAM McFARLAND, the defendant, as substitute assets, to be applied towards the forfeiture money judgments that was entered against him in the above-captioned case.

## I. Background

On or about March 6, 2018, WILLIAM MCFARLAND (the "defendant"), was charged in a two-count Superseding Information, S1 17 Cr. 600 (NRB) (the "S1 Information"), with wire fraud, in violation of Title 18, United States Code, Sections 1343 (Count One and Two).

The S1 Information included a forfeiture allegation as to Counts One and Two of the S1 Information, seeking to forfeit to the United States, pursuant to Title 18, United States Code, Sections 982(a)(2), all property constituting, or derived from, proceeds obtained directly or indirectly as a result of the offenses, including, but not limited to, a sum of United States currency representing the amount of proceeds personally obtained directly or indirectly by the defendant as a result of the offenses alleged in Counts One and Two of the S1 Information.

The S1 Information contained a substitute asset provision, pursuant to Title 21, United Stated Code, Section 853(p) providing that, if any forfeited property "cannot be located upon the exercise of due diligence, has been transferred, sold to or deposited with a third party, has been placed beyond jurisdiction of the Court, [or] has been commingled with other property which cannot be divided without difficulty," and as a result of the defendant's own actions or omissions, the "court shall order the forfeiture of any other property of the defendant, up to the value of property" so transferred or moved by the defendant.

On or about March 6, 2018, the defendant pled guilty to Counts One and Two of the S1 Information, pursuant to a plea agreement with the Government, wherein the defendant admitted the forfeiture allegation with respect to Counts One and Two of the S1 Information and agreed to forfeit, pursuant to Title 18, United States Code, Section 982(a)(2)(C), a sum of money equal to $26,040,099.48 in United States currency, representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Two of the S1 Information personally obtained by the defendant.

On or about July 26, 2018, WILLIAM MCFARLAND (the "defendant"), was charged in a three-count Superseding Information, S2 17 Cr. 600 (NRB) (the "S2 Information"), with committing wire fraud while on pretrial release, in violation of Title 18, United States Code, Sections 1343, 3147, and 2 (Count One); committing bank fraud while on pretrial release, in violation of Title 18, United States Code, Sections 1344, 3147, and 2 (Count Two); and making false statements, in violation of Title 18, United States Code, Sections 1001 and 2 (Count Three).

The S2 Information included a forfeiture allegation as to Count One of the S2 Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code,

Section 98l(a) (1) (C), and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense alleged in Count One of the S2 Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense alleged in Count One of the S2 Information the defendant personally obtained.

The S2 Information contained a substitute asset provision, pursuant to Title 21, United Stated Code, Section 853(p) providing that, if any forfeited property "cannot be located upon the exercise of due diligence, has been transferred, sold to or deposited with a third party, has been placed beyond jurisdiction of the Court, [or] has been commingled with other property which cannot be divided without difficulty," and as a result of the defendant's own actions or omissions, the "court shall order the forfeiture of any other property of the defendant, up to the value of property" so transferred or moved by the defendant.

On or about July 26, 2018, the defendant pled guilty to Counts One through Three of the S2 Information, pursuant to a plea agreement with the Government, wherein the defendant admitted the forfeiture allegation with respect to Count One of the S2 Information and agreed to forfeit, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), a sum of money equal to $151,206.80 in United States currency, representing the amount of proceeds traceable to the commission of the offense charged in Count One of the S2 Information personally obtained by the defendant.

On or about October 31, 2018, the Court entered an Amended Preliminary Order of Forfeiture/Money Judgment (the "First Forfeiture Order"), imposing a money judgment (the "S1 Money Judgment") against the defendant in the amount of $26,040,099.48.

On or about October 31, 2018, the Court entered an Amended Second Preliminary Order of Forfeiture/Money Judgment (the "Second Forfeiture Order"), imposing a money judgment (the "S2 Money Judgment") against the defendant in the amount of $151,206.80.

Since the date of the entry of the First Forfeiture Order and the entry of the Second Forfeiture Order, the Government, despite its exercise of due diligence, has been unable to locate or obtain the additional proceeds of the offenses of the defendant's conviction other than the substitute assets specified below. The entire balance of the Money Judgments remain outstanding.

## II. The Location of Additional Assets

As set forth in the Declaration of Special Agent Brandon S. Racz of the Federal Bureau of Investigation ("FBI") (the "Racz Declaration"), the United States has not been able to locate, obtain or collect additional assets traceable to the proceeds of the defendant's fraud offense to satisfy the outstanding Money Judgments imposed by this Court on October 31, 2018.

However, the United States has located the following assets of the defendant:

a) Two large boxes containing Fyre-branded t-shirts, sweatshirts, shorts and other clothing items that were intended for sale at the Fyre Festival, provided by defense counsel on or about October 25, 2018;

b) Any and all funds on deposit in Account Number ▮▮▮▮▮▮▮▮ held in the name of Fyre Festival, L.L.C. at First Western Trust and all funds traceable thereto; and

c) Approximately $240,000 in United States currency held in the name of William McFarland in an interest bearing account at Hughes Hubbard and Reed, L.L.P.

((a) though (c) collectively, the "Substitute Assets").

4

The United States is seeking to forfeit the defendant's interest in the Substitute Assets and to have the proceeds, including the net proceeds of the sale of the Fyre-branded merchandise provided by defense counsel on October 25, 2018, once forfeited, applied towards the defendant's outstanding S1 Money Judgment.

For the following reasons, the Government respectfully requests that the Substitute Assets be forfeited to the United States, and applied towards the S1 Money Judgment.

### III. Discussion

Title 21, United Stated Code, Section 853(p) provides that, if any forfeited property "cannot be located upon the exercise of due diligence, has been transferred, sold to or deposited with a third party, has been placed beyond jurisdiction of the Court, [or] has been commingled with other property which cannot be divided without difficulty," as a result of the defendant's own actions or omissions, the "court shall order the forfeiture of any other property of the defendant, up to the value of property" so transferred or moved by the defendant.

Additionally, Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure further provides that-

> *[o]n the government's motion, the court may <u>at any time</u> enter an order of forfeiture or amend an existing order of forfeiture to include property that:*
> ...
> (B) is a substitute property that qualifies for forfeiture under an applicable statute.

Fed. R. Crim. P. 32.2(e)(1) (emphasis added).

Thus, the court must order the forfeiture of substitute assets to satisfy a money judgment where, as a result of the defendant's actions or omissions, the United States is unable to locate or obtain the specific proceeds. *See United States v. Alamoudi,* 452 F.3d 310, 314 (4th Cir.

5

2006) ("Section 853(p) is not discretionary.... [w]hen the Government cannot reach the property initially subject to forfeiture, federal law requires a court to substitute assets for the unavailable tainted property").

If there are other persons who claim an interest in the Substitute Assets, they will have an opportunity to challenge the Government's entitlement to the Substitute Assets in the ancillary hearing phase of these proceedings. *See* 21 U.S.C.§ 853(n) and Rule 32.2(c) and (c)(2)(B). Under Section 853(n) and Rule 32.2(e)(2), the government must provide notice of its intent to dispose of the property to known interested parties. Persons alleging an interest in the forfeited property then have 30 days, from the date of last publication or actual notice, within which to petition this Court for a hearing to determine the validity of their claims. 21 U.S.C. § 853(n)(2). If there are no petitions filed or a petition is denied, the Court will enter a final order forfeiting the substitute property to the United States. The property will not be disposed of by the Government until all third party claims are resolved by the Court.

[THIS SPACE INTENTIONALLY LEFT BLANK]

## IV. Conclusion

Wherefore, for the aforementioned reasons, the United States requests that its motion for forfeiture of substitute property be granted and that an order be entered forthwith forfeiting all of the defendant's right, title, and interest in the Substitute Assets to the United States and granting such other relief as may be deemed necessary and appropriate.

Dated: New York, New York
       January ___, 2019

>                              GEOFFREY S. BERMAN
>                              United States Attorney for the
>                              Southern District of New York
>
> By:   _____/s/ Kristy J. Greenberg_____
>                              KRISTY J. GREENBERG
>                              Assistant United States Attorney
>                              One St. Andrew's Plaza
>                              New York, New York 10007
>                              (212) 637-2469